UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ZEIDA MONTANEZ,**

      **Plaintiff,**

v.                                                           **Case No: 6:17-cv-1175-Orl-41DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

---

**REPORT AND RECOMMENDATION**

Zeida Montanez (Claimant) appeals the Commissioner of Social Security's final decision denying her applications for disability insurance benefits. Docs. 1; 21. Claimant argues that the Administrative Law Judge (ALJ) erred by: 1) failing to "adequately consider and weigh all of the limitations and opinions outlined by [her] treating physician"; 2) posing a hypothetical question to the Vocational Expert (VE) that did not account for all of her functional limitations; and 3) finding that Claimant was "not entirely credible." Doc. 21 at 9-28. Claimant requests that the case be reversed and remanded for an award of benefits, or, in the alternative, for further proceedings. *Id*. at 28. The undersigned **RECOMMENDS** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

**I.    THE ALJ'S DECISION.**

This case stems from Claimant's applications for disability insurance benefits and supplemental security income. R. 12. Claimant alleged a disability onset date of November 30, 2012. Doc. 21 at 3. Her applications were denied initially and on reconsideration. *Id*. at 1. The ALJ held a hearing on April 20, 2016, and entered his unfavorable decision to Claimant on May

18, 2016. *Id*. In that decision, the ALJ found that Claimant has the following severe impairments: obesity, a mood disorder, and bipolar disorder. R. 14. The ALJ also found that Claimant's allegations of carpal tunnel syndrome was a non-medically determinable impairment. *Id*. The ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 15-16. But in making that finding, and in assessing the "paragraph B" criteria concerning Claimant's allegations concerning her mental health, the ALJ found that Claimant had "moderate difficulties" in regards to concentration, persistence or pace. R. 16.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform "medium work,"[1] with the following limitations:

> [Claimant] is limited to performing simple routine repetitive tasks in a low stress stable environment with few changes in the routine work setting. She needs to avoid large crowds and groups of people.

R. 16. The ALJ, in light of this RFC, found that Claimant was unable to perform her past relevant work. R. 21. The ALJ, however, found that Claimant could perform other work in the national economy. R. 21-23. Thus, the ALJ found that Claimant was not disabled between her alleged onset date, November 30, 2012, through the date of the decision, May 18, 2016. R. 23.

## II.  STANDARD OF REVIEW.

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §

---

[1] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   ANALYSIS.

Claimant argues that the ALJ's hypothetical to the VE did not adequately reflect her limitations and, in particular, her moderate limitations in maintaining concentration, persistence and pace. Doc. 21 at 18-22 (citing *Winschel*, 631 F.3d 1176). Since the ALJ relied on the VE's testimony in response to the hypothetical to find that there are jobs in the national economy that Claimant can perform, Claimant contends that the ALJ's decision is not supported by substantial evidence. *Id*. at 21-22. The Commissioner argues that the ALJ's hypothetical was appropriate because it mirrored the RFC, and the RFC "sufficiently accounted for" Claimant's moderate limitations maintaining concentration, persistence and pace because the medical record "supports

the ALJ's assessment of [Claimant's] mental limitations." *Id*. at 23-24.  The Commissioner goes on to assert that "[n]othing in the record mandates, nor did the ALJ find, Plaintiff had limitations in pace precluding performance of simple, repetitive tasks." *Id*. at 24.  Finally, the Commissioner cites a number of unpublished Eleventh Circuit opinions, without any relevant discussion, and claims that "the Eleventh Circuit has repeatedly concluded that limitations similar to the limitations found by the ALJ in [Claimant's] case sufficiently account for ratings of moderate limitations maintaining concentration, persistence and pace." *Id*.  Though the Commissioner made a passing citation to *Winschel*, the Commissioner never actually discussed the rule in that controlling authority as it relates to moderate limitations to concentration, persistence and pace.

The ALJ, as previously mentioned, found that Claimant has the residual functional capacity (RFC) to perform "medium work," with the following limitations:

> [Claimant] is limited to performing simple routine repetitive tasks in a low stress stable environment with few changes in the routine work setting.  She needs to avoid large crowds and groups of people.

R. 16.  The ALJ then posed hypothetical questions to the VE, including the following:

> ALJ: Assume for me, if you would, a person of the same age, education, past relevant work history as the claimant with the following limitations.  This person could perform work at the medium exertional level.  Could she perform past relevant work?
>
> VE: Yes.
>
> ALJ: Hypothetical #2.  If the person in hypothetical #1 were further limited in that they would be limited to performing work that required only simple, routine, repetitive tasks in a low- stress, stable environment, involving few changes in the routine work setting, would that person be able to perform past relevant work?

R. 48.  The VE testified that based on these limitations Claimant would not be able to perform her past relevant work, but would be able to perform other work in the national economy, such as laundry worker, dining room attendant, and linen attendant.  R. 48-49.  The ALJ then asked:

> ALJ:  If the person in hypothetical 2 were limited - - have to - - because of anxiety, would have to avoid large crowds and groups of people does that change any of your testimony?

R. 49.  According to the VE, that additional limitation would remove the possibility of the position of dining room attendant, but the VE added the possible job of laborer.  *Id*.  The ALJ then asked a fourth hypothetical question, which was answered by the VE:

> ALJ:  Hypothetical #4.  **If a person, due to a combination of symptoms from their impairments**, including anxiety, were likely - - anxiety and depression, **were likely to be unable to maintain concentration, persistence, or pace** and be off task at least 25% or more of the workday or require frequent unscheduled breaks lasting 20 minutes or more or -- and/or unable to maintain regular attendance and be absent at least three or more days a month, **would that person be able to perform past relevant work or any other work?**
>
> VE:  No, Your Honor. With those -- with that degree of absences, off-task, and additional breaks, **that would preclude all competitive employment**.

R. 50 (emphasis added).  In his decision, the ALJ relied on the VE's testimony in response to the first three hypothetical questions in determining that Claimant could perform other work in the national economy, including the positions of laundry worker, linen room attendant, and laborer. R. 22-23.  But, at steps four and five of the sequential evaluation process, the ALJ neither mentioned the fourth hypothetical, nor mentioned specifically the ALJ's finding that Claimant had "moderate difficulties" in regards to maintaining concentration, persistence and pace.  *See* R. 16-23.

The fifth and final step of the sequential evaluation process requires the ALJ to determine "whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at

1178. The ALJ may rely on a VE's testimony in determining whether the claimant can perform other jobs in the national economy. *Phillips*, 357 F.3d at 1239-40. The ALJ must present the VE with a hypothetical question that includes all of a claimant's limitations. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). The ALJ, however, is not required to include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical "findings . . . that the ALJ . . . properly rejected as unsupported," *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam). But the ALJ's hypothetical question must include "all of the claimant's impairments." *Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1270 (11th Cir.2007). If the ALJ relies on the VE's testimony to find that the claimant can perform other jobs in the national economy, but fails to include all the claimant's limitations in the hypothetical question, then the final decision is not supported by substantial evidence. *Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 72 (11th Cir. 2012) (citing *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985)).

In *Winschel,* the Eleventh Circuit held that if a claimant is found to suffer moderate limitations in concentration, persistence and pace, **the ALJ must either** "indicate that medical evidence suggested [that claimant's] ability to work was unaffected by [those] limitation[s]," **or** include those limitations, either explicitly or implicitly, in the hypothetical question(s) posed to the VE. *Winschel,* 631 F.3d at 1181. "Since *Winschel,* the Eleventh Circuit has recognized that a hypothetical question could sufficiently account for moderate limitations in concentration, persistence and pace by including a restriction to simple or routine tasks, **if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite such limitations**." *Laventure v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-1877-Orl-40GJK, 2014 WL 3894305, at *8-9 (M.D. Fla. Aug. 8, 2014) (emphasis added); s*ee, e.g., Timmons v. Comm'r of*

*Soc. Sec.*, 522 F. App'x 897, 907 (11th Cir. 2013); *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950-51 (11th Cir. 2013); *Washington v. Soc. Sec. Admin., Comm'r*, 503 F. App'x 881, 883 (11th Cir. 2013); *Scott v. Comm'r of Soc. Sec.*, 495 F. App'x 27, 29 (11th Cir. 2012); *Syed v. Comm'r of Soc. Sec.*, 441 F. App'x 632, 634-35 (11th Cir. 2011); *Jarrett*, 422 F. App'x 869, 871-72 (11th Cir. 2011).

At step three of the sequential evaluation process, the ALJ found that Claimant had moderate limitations in maintaining concentration, persistence and pace. R. 16. That is an administrative finding by the ALJ that the Court takes as true in this case, and any arguments by the Commissioner to the contrary are unavailing. And, thus, it would be nonsensical for the Commissioner to now come before the Court and assert that the medical evidence did not support a finding that Claimant has moderate limitations in maintaining concentration, persistence and pace. Instead, it appears that the Commissioner simply is asserting that the limitations within the RFC restricting Claimant to simple or routine tasks sufficiently took into consideration Claimant's limitations in maintaining concentration, persistence and pace. And that may be true in certain cases, including in those unpublished Eleventh Circuit cases cited to by the Commissioner. But what is lacking here – and what distinguished this case factually from those cited cases – is actual compliance with the rule set forth in *Winschel*. Indeed, in this case, the Commissioner failed entirely to point to the "the medical evidence [that] demonstrates that the claimant has the ability to perform those tasks despite such limitations." *Laventure*, 2014 WL 3894305, at *8-9.

Here, the Commissioner identified no record evidence (and the Court has found none) that states, explicitly or otherwise, that Claimant can perform simple or routine tasks despite moderate limitations in maintaining concentration, persistence and pace. To the contrary, there is ample evidence, such as the records of Claimant's treating psychiatrist (Dr. Tikku), establishing that

Claimant has mental health impairments that are "moderate" and cause problems in relation to the areas of occupation, social environment, and finances. *See e.g.*, R. 437. And although there is evidence in those records establishing that Claimant's attention was "maintained" during examinations, there is also evidence that Claimant had poor insight, fair reasoning, impulse control and judgment, and in relation to her thought processes sometimes engaged in perseveration.[2] *See, e.g.*, R. 433. In the face of the ALJ's own findings concerning Claimant's moderate limitations, the record evidence of those moderate limitations, and the lack of any evidence (including the lack of any functional assessment) establishing that Claimant could perform simple and routine tasks *despite those limitations found by the ALJ*, the ALJ failed entirely to discuss those limitations when formulating the RFC or when making his final determinations at step five. This error is even more troubling because the ALJ asked the VE a specific hypothetical question about limitations in maintaining concentration, persistence and pace, received an answer from the VE precluding all employment, and still did not discuss those limitations when formulating the RFC or at step five.

Thus, in making the determination that Claimant was not disabled, the ALJ did not comply with *Winschel* as it related to Claimant's moderate limitations in concentration, persistence and pace. The undersigned notes that the Commissioner seems to tacitly concede this point by failing to discuss the rule in *Winschel* and by failing to direct the Court to the medical evidence that supported the ALJ's apparently implicit determination that Claimant could perform simple and routine tasks despite her moderate limitations in concentration, persistence and pace. *Cf. Scott*, 495 F. App'x at 29 (finding ALJ appropriately accounted for Claimant's moderate limitations in

---

[2] Defined as "the involuntary and pathological persistence of the same verbal response or motor activity regardless of the stimulus or its duration. The condition occurs primarily in patients with brain damage or organic mental disorders, although it may also appear in schizophrenia as an association disturbance. It is caused by a neurological deficit." *Mosby's Medical Dictionary*, 8th edition. (2009).

concentration, persistence and pace by "concur[ing] with and adopt[ing]" the opinions of two state agency mental health consultants who opined that Claimant could perform simple unskilled work despite his psychological problems); *Szilvasi v. Comm'r, Soc. Sec. Admin.*, 555 F. App'x 898, 902 (11th Cir. 2014) (same).  Thus, on this record, the undersigned finds that the ALJ neither stated that medical evidence suggested that Claimant's ability to work was unaffected by Claimant's moderate limitations in concentration, persistence and pace, nor included those limitations, either explicitly or implicitly, in the first three hypothetical questions that the ALJ posed to the VE and then replied upon in the ALJ's decision. *Winschel,* 631 F.3d at 1179, 1181.

Accordingly, it is **RECOMMENDED** that the Court accept Claimant's argument and remand the case for further proceedings.

The undersigned finds that the foregoing issue is dispositive of this appeal, and, thus, there is no need to address Claimant's remaining assignments of error.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

Finally, Claimant requests that the case be reversed and remanded for an award of benefits, or, in the alternative, for further proceedings.  Doc. 21 at 28.  The Court may remand a social security disability case for an award of benefits where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993), or where the claimant has suffered an injustice, *see Walden*, 672 F.2d at 840.  The undersigned recommended that the case be remanded because the ALJ erred by relying on the VE's testimony in determining that Claimant is able to perform other work in the national economy.  This error does not support reversal for an award of benefits, and Claimant has

otherwise failed to demonstrate that the record establishes that she is disabled beyond a doubt or that she has suffered an injustice. Thus, the undersigned finds that Claimant's request to remand for an award of benefits is unavailing. Therefore, the undersigned **RECOMMENDS** that the case be remanded for further proceedings consistent with this report.

IV. <u>**CONCLUSION**</u>.

Accordingly, it is **RECOMMENDED** that:

1. The Commissioner's final decision be **REVERSED** and **REMANDED** to the Commissioner for further proceedings; and

2. The Clerk be directed to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 7, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy